IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL H.,                          *
                                     *
            Plaintiff,               *
                                     *
    vs.                              *        Civil Action No.   ADC-21-725
                                     *
KILOLO KIJAKAZI,                     *
Acting Commissioner,                 *
Social Security Administration       *
                                     *
            Defendant.               *
                                     *
    * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

On March 22, 2021, Michael H. ("Plaintiff" or "Claimant") petitioned this Court to review

the Social Security Administration's ("SSA") final decision to deny his claim for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1 ("the

Complaint"). Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 13,

14) on October 27, 2021 and December 14, 2021, respectively.[1] Plaintiff further responded in

opposition to Defendant's Motion on December 22, 2021. ECF No. 15. After considering the

parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the

reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED,

Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and the SSA's decision

is AFFIRMED.

---

[1] On December 31, 2021, this case was assigned to United States Magistrate Judge A. David
Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302.
*See* ECF No. 5.

## PROCEDURAL HISTORY

On October 11, 2015, Plaintiff filed a Title II application for DIB, alleging disability since August 29, 2010. ECF No. 10-4 at 140. His claim was denied initially on January 13, 2016 and upon reconsideration on July 13, 2016. *Id.* He then requested a hearing, which was held on March 20, 2018. *Id.* At the hearing, Plaintiff amended the alleged onset date to January 1, 2013. *Id.* Plaintiff was found not disabled on July 2, 2018, but the Appeals Council vacated the decision and remanded the case. *Id.* at 157. Another hearing was held before an ALJ on July 24, 2020. ECF No. 10-3 at 21. On August 7, 2020, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. ECF No. 10-3 at 21. Plaintiff again requested a review of the ALJ's determination, which the Appeals Council denied on December 4, 2020. *Id.* at 7. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 404.981; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On March 22, 2021, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a

2

mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that he is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 404.1520. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will

3

not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is considered disabled, regardless of the claimant's age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ

must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at \*3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at \*5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a claimant's subjective evidence of pain "improperly increase[s] [a claimant's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. The claimant has the burden of proof during steps one through four of the evaluation. *See* 20 C.F.R. § 404.1520; *Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that

exists in significant numbers in the national economy, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 404.1560(c). If the claimant cannot perform other work, he is disabled.

## THE ALJ'S DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of January 1, 2013 through his date last insured of June 30, 2013. ECF No. 10-3 at 23. At step two, the ALJ found that Plaintiff had severe impairments of traumatic impingement syndrome of the left upper extremity, degenerative disc disease of the thoracic spine, and obesity. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 24. The ALJ then determined that Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except no limits with the dominant right upper extremity; lift 20 pounds occasional; lift/carry 10 pounds frequently with the left upper extremity; no restrictions on standing/walking/sitting; left upper extremity overhead reaching no higher than shoulder height; no extreme hyperextension of neck (e.g., extending chin to meet throat/chest, no extreme tilting of head backwards), and no exposure to extreme vibration.

*Id.* at 25. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. *Id.* at 28. Finally, at step five, the ALJ concluded that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," considering his age, education, work experience, and RFC. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 29.

## DISCUSSION

Plaintiff's sole argument on appeal is that the ALJ failed at step five to resolve the conflict between the vocational expert's ["VE"] testimony and the Dictionary of Occupational Titles ["DOT"] as required by SSR 00-4P and *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). ECF No.

13-1 at 8. In particular, Plaintiff contends that the ALJ concluded that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including a cashier (DOT # 211.462-010), routing clerk (DOT # 222.587-038), and photocopy machine operator (DOT # 207.685-014). ECF No. 13-1 at 11. Each of these jobs listed in the DOT requires reaching on a frequent basis, which Plaintiff's RFC limited. *Id.* at 11–12. Plaintiff asserts that the ALJ failed to identify the apparent conflict between the VE's testimony that Plaintiff could perform those positions and the DOT requirements. *Id.* at 11. Defendant, in turn, contends that the ALJ acknowledged and resolved the apparent conflict by asking the VE about any inconsistency in the hearing and explaining the VE's testimony in his decision. ECF No. 14-1 at 5–8. In his response, Plaintiff continues to assert that ALJ did not explain the resolution of the conflict in his decision, and this error is not harmless because the ALJ has an affirmative duty to do so. ECF No. 15 at 3–4. I find Plaintiff's argument to be without merit.

SSR 00-4P requires ALJs to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [VEs] and information in the [DOT]" and "[e]xplain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4P, 2000 WL 1898704, at *1 (Dec. 4, 2000). First, the ALJ must ask the VE about any possible conflicts with the information provided in the DOT and, if there appears to be a conflict, must "obtain a reasonable explanation for the apparent conflict." *Id.* at *4. The ALJ is tasked with resolving any conflict "before relying on the [VE] evidence to support a determination or decision that the individual is or is not disabled." *Id.*

In interpreting SSR 00-4P, the United States Court of Appeals for the Fourth Circuit explained in *Pearson* that the ALJ has an independent obligation to identify any conflicts between the VE's testimony and the DOT, including "where the [VE's] testimony seems to, but does not

7

necessarily, conflict with the [DOT]." 810 F.3d at 209. A VE's testimony that "apparently conflicts" with the DOT "can only provide substantial evidence" if the ALJ has received an explanation from the VE and concluded that the explanation is reasonable and "provides a basis for relying on the testimony rather than the [DOT]." *Id.* at 209–10 (citing SSR 00-4P, 2000 WL 1898704, at *2). "[A]n ALJ has not fulfilled his affirmative duty 'merely because the [VE] responds 'yes' when asked if her testimony is consistent with the [DOT].'" *Id.* at 208–09 (citing *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014)).

During Plaintiff's hearing before the ALJ, the ALJ posed a hypothetical to the VE consistent with his RFC conclusions, including limiting reaching, and the VE reduced the number of positions of other work by 20% "for the overhead reaching limitation" based on her experience and training, and not the DOT. ECF No. 10-3 at 112–114, 117. At the conclusion of his question, the ALJ specifically asked the VE: "I think you told us that you specifically reduced [the job numbers] and gave us the reduced numbers to take into account one of the particular limitations; is that correct?" and the VE answered: "That's correct." *Id.* at 117. The ALJ's decision stated that the VE identified no conflicts between the DOT requirements of the identified occupations to Plaintiff's hypothetical RFC limitations. ECF No. 10-3 at 29. However, he further provided that the DOT did not specifically address "left upper extremity specific limitations, overhead reaching, and hyperextension of the neck," and so the VE's testimony was based on her professional experience. *Id.* Accordingly, the ALJ explained that the VE had reduced the percentage of such jobs that exist in the national economy by 20% "to accommodate for the limitations regarding reaching overhead." ECF No. 10-3 at 29.

Both the hearing transcript and the ALJ's decision detail the possible conflict that existed between the DOT occupations identified, Plaintiff's RFC, and the VE's testimony. Unlike in

8

*Pearson*, the ALJ here identified the conflict and explained how the conflict was addressed. *See* 810 F.3d at 208–09. The VE testified at the hearing, based on her experience and training, to the impact of Plaintiff's reaching limitations on the number of jobs that exist in the national economy and those job numbers were reduced to accommodate her reaching limitations. *See* SSR 00-4P, 2000 WL 1898704, at *1. I agree with Defendant that any error in including a sentence in the decision that the VE stated that no conflicts existed was harmless, as the hearing transcript and ALJ's decision both detail the conflict and what accommodations were made to account for the conflict in reaching his decision. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Bishop v. Comm'r of Soc. Sec.*, 583 F.App'x 65, 67 (4th Cir. 2014) ("[A]ny error is reviewed under the harmless error doctrine."). Therefore, the ALJ's decision does not run afoul of SSR 00-4P or *Pearson* because the ALJ identified the apparent conflict and explained why he was relying on the VE's testimony by adopting her 20% limitation on positions to accommodate for the reaching limitation. ECF No. 10-3 at 29.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and the decision of the SSA is AFFIRMED.

Date: 18 January 2022

A. David Copperthite
United States Magistrate Judge